Argued January 19; reversed March 30, 1943

IN RE HATTREM'S ESTATE
HATTREM *v.* PIONEER TRUST CO. ET AL.
(135 P. (2d) 792)

Before BAILEY, Chief Justice, and BELT, ROSSMAN, KELLY, LUSK, BRAND and HAY, Associate Justices.

*Bert S. Gooding* and *O. G. Larson,* both of Portland (Stott & Gooding, of Portland, on the brief), for appellant.

*Custer E. Ross,* of Salem, for respondent Agnes J. Hattrem.

*John A. Heltzel,* of Salem, for respondent Pioneer Trust Co.

ROSSMAN, J. This is an appeal by the contestants from an order of the circuit court which allowed the claim of Agnes J. Hattrem in the amount of $707.35 against the estate of her deceased father, Andreas J. Hattrem, who died May 5, 1923. The contestants were Weber A. Hattrem, a brother of the claimant, Edna H. Bendixen, a sister of the claimant, and the American Surety Company of New York, a judgment creditor of Weber A. Hattrem, and as such a garnisher of his interest in the deceased's estate. The Pioneer Trust Company of Salem is the administrator *de bonis non* of the estate. It neither approved nor rejected the claim. Upon appeal, it is assuming the status of a stakeholder. The appellants are the aforementioned contestants. Weber A. Hattrem was originally appointed administrator of the estate. Later he was removed and the Ladd & Bush Trust Company, a predecessor of the Pioneer Trust Company, was appointed administrator *de bonis non*. After notice of appeal was given, Weber Hattrem died. O. G. Larson, administrator of his estate, was thereupon substituted for him.

By glancing at *In the Matter of the Estate of Andreas J. Hattrem, Deceased,* this day decided by us, and which is a companion case to the present one, it will be observed that a decree of final settlement was entered in *In the Matter of the Estate of A. Hattrem, Deceased,* by the county court of Marion County February 13, 1936, and that November 28, 1939, when some unadministered assets were discovered, the same court appointed the Pioneer Trust Company administrator *de bonis non* to administer upon those assets.

The claim in question is based upon expenditures which the claimant, Agnes Hattrem, made in 1936 for

the last illness and the funeral expenses of her mother, Josephine Hattrem. The latter was, of course, the widow of the deceased Andreas J. Hattrem. Likewise, she was the mother of the contestants, Weber A. Hattrem and Edna H. Bendixen. The mother died March 25, 1936, having survived her husband thirteen years. Beginning in 1913, she made her home with the claimant in Chicago, and was still living with her there when death overtook her. Since the decree of final settlement was entered *In the Matter of the Estate of Andreas J. Hattrem, Deceased,* February 13, 1936, it will be seen that that estate had been closed for approximately a month before the claimant made the expenditures which are the subject-matter of her claim. She filed the latter after the administrator *de bonis non* was appointed in 1939.

Counsel for the claimant, in his brief, referring to the claim now before us, frankly states: ''We concede that we have found no authority for the allowance of such claim.'' He adds that ''as a matter of equity and of ordinary decency, the claim was properly allowed'' by the lower court.

According to Woerner, The American Law of Administration, § 77:

> ''The common law secures to the widow her dower, and to the widow and children their *pars rationabilis* (corresponding to dower and distribution under American statutes) but no provision whatever is therein found to meet the exigencies arising immediately upon the death of the head of a family, save, perhaps, the clause in Magna Charta securing to the widow the right to remain in her husband's capital mansion for forty days after his death, within which time her dower was to be assigned.''

Since the common law would reject the claim before us, some statute must authorize its allowance, if it is to be allowed. The only possible statutory provision is § 19-603, O. C. L. A., but a glance at it will show that it is inadequate for the claimant's purposes. In *Oster's Ex'r v. Ohlman,* 187 Ky. 341, 219 S. W. 187, the court said:

"While the husband is primarily liable for the physicians' bills and burial expenses of his deceased wife, he is only liable where the medical services were rendered or her death took place during his lifetime. Here, Mrs. Oster died and the medical services were rendered after Adam Oster's death. It follows that there was no error in refusing to allow those claims against the estate of Adam Oster."

We are satisfied that the claim before us cannot be allowed. The order of the circuit court to the contrary is reversed.

Costs and disbursements will be allowed to neither party.